# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# (Central Division)

| | |
|---|---|
| TRENISHA WEBSTER,<br><br>    **Plaintiff,**<br><br>vs.<br><br>**JENNIFER WESTLAKE, both individually and in her official capacity as a law enforcement officer for the Des Moines Police Department; LORI KELLY, both individually and in her official capacity as a law enforcement officer for the Des Moines Police Department and DES MOINES, IOWA.**<br><br>    **Defendants.** | Case No. _____<br><br>**COMPLAINT**<br><br>**(JURY DEMAND)** |

**COMES NOW**, the Plaintiff, Trenisha Webster, by and through her undersigned counsel, and for her causes of action, respectfully states the following:

## PARTIES AND JURISDICTION

1. Plaintiff Trenisha Webster is a United States citizen and was a resident of Des Moines, Polk County, Iowa at all times relevant to the events complained of herein.

2. Defendant Jennifer Westlake (hereinafter "Defendant Westlake") is believed to be a citizen and resident of Iowa and was employed as a law enforcement officer with the Des Moines Police Department at all times relevant to the events complained of herein.

3. Defendant Lori Kelly (hereinafter "Defendant Kelly") is believed to be a citizen and resident of Iowa and was employed as a law enforcement officer with the Des Moines Police Department at all times relevant to the events complained of herein.

4. Defendant City of Des Moines, Iowa (hereinafter "Defendant City"), is a municipal corporation organized under the laws of the State of Iowa and acting under color of State law, and is a person for purposes of a 42 U.S.C. 1983 action for damages.

## JURISDICTION AND VENUE

5. This court has subject matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3). This court has supplemental jurisdiction to hear and decide the pendent state law claims under 28 U.S.C. § 1367.

6. Venue is proper under 28 U.S.C. § 1391(b) because the events or omissions described in this complaint took place in Polk County, Iowa.

## FACTUAL BACKGROUND

7. All events complained of herein occurred in Polk County, Iowa.

8. On or about October 16, 2018, Defendant Westlake traveled to Plaintiff's home to conduct a purported welfare check on a minor child.

9. Des Moines police detectives Lori Kelly and Brian Matthis accompanied Defendant Westlake to the residence.

10. Defendant Westlake further requested a marked patrol car assist in the contact at Plaintiff's residence. Des Moines police officer Lindsey Kenkel responded to the request.

11. In addition to the two detectives and the uniformed police officer, Melissa Krug, a case protection worker from the Iowa Department of Human Services, also accompanied Defendant Westlake when she visited Plaintiff's residence

12. Upon information and belief, nobody from law enforcement possessed a search warrant or arrest warrant.

13. Defendant Westlake knocked on Plaintiff's door. Shortly thereafter, Plaintiff answered the door. Defendant Westlake explained she needed to speak to Plaintiff about her daughter. Plaintiff voluntarily exited her residence to speak to with Defendant Westlake.

14. Once outside, Defendant Westlake advised Plaintiff she now needed to speak to Plaintiff's daughter. Defendant Westlake also asked if "Robert" was at the home.

15. After being questioned about the presence of these individuals, Plaintiff sought an explanation for why law enforcement was at her home.

16. Defendant Westlake continued asking Plaintiff a number of questions in an apparent effort to conduct a criminal investigation, a DHS investigation, or both. Plaintiff voluntarily responded to those questions.

17. At one point, Plaintiff posed the questions to the on-scene law enforcement officers, "Is anyone getting arrested? Or does anyone have a warrant?"

18. Defendant Westlake responded suggesting someone was going to get arrested for the injuries Plaintiff's daughter allegedly sustained. Defendant Westlake followed that comment by saying they were at the residence to make a safety plan and confirm her daughter's safety. Plaintiff assured Defendant Westlake her daughter was fine.

19. At one point while Defendant Westlake was engaging with Plaintiff, Detective Kelly injected her opinion about the injuries. Plaintiff responded, noting "I am not talking to you."

20. While Defendant Westlake questioned Plaintiff about her child, Plaintiff repeatedly asked Defendant Westlake whether she had children and asked how she disciplined her children.

21. At one point, Defendant Westlake advised Plaintiff, "…we are only going to go round and round so much…"

22. Defendant Westlake then told Plaintiff she could either work with DHS and law enforcement or she could choose not to.

23. Plaintiff then became emotional informing Defendant Westlake of her distrust for DHS and the system, stating minority children are taken from the families and end up dead.

24. Defendant Westlake responded by stating she does not want to take her child away.

25. Plaintiff reiterated her overall distrust of those on scene and agreed to speak to Defendant Westlake but everyone else would need to stay outside.

26. Despite the fact that DHS routinely meets with families in homes about abuse situations, Defendant Westlake told Plaintiff she does not trust her and would not go inside her home alone.

27. Plaintiff again offered Defendant Westlake an opportunity to sit at her table and discuss the allegations. This time, Defendant Westlake countered by saying Plaintiff would need to discuss the situation with DHS.

28. Plaintiff reiterated to Defendant Westlake her distrust of DHS.

29. Defendant Kelly quietly conversed with Defendant Westlake about arresting Plaintiff for interference with official acts.

30. Plaintiff, once again, offered Defendant Westlake an opportunity to discuss the allegations with her at her table.

31. Defendant Westlake responded by informing Plaintiff she was arresting Plaintiff for interference with official acts.

32. At this point, Defendant Kelly physically seized Plaintiff and placed her in hand restraints with the assistance of Officer Kenkel.

33. Once Plaintiff was advised of her arrest, she asked why she was being arrested. Defendant Westlake informed her the arrest was a result of Plaintiff interfering with Defendant Westlake's investigation.

34. Plaintiff responded by calling for Robert and asking him to call her attorney.

35. Plaintiff was arrested, transported to jail, booked, incarcerated, and subsequently charged with interference with official acts in violation of Iowa Code Section 719.1(1)(b).

36. The criminal complaint initiating the charges bears the electronic signature of Defendant Westlake as the Complainant Officer.

37. The grounds for the arrest Defendant Westlake provided in the criminal complaint stated: "…the [Plaintiff] did refuse to allow access to [her child]. The [Plaintiff] did become argumentative and belligerent and would not comply with the officer's repeated requests."

38. Plaintiff pled not guilty to the charge of interference with official acts.

39. On April 15, 2019, the State moved to dismiss the interference charge.

40. On April 15, 2019, the Court dismissed the charge.

41. As a result of the unconstitutional and illegal arrest, Plaintiff was also forced to incur expenses for her criminal arrest bond and criminal attorney fees.

## CAUSES OF ACTION

### COUNT I
### CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983
### VIOLATION OF FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION
### *Right to be Free from Unreasonable Seizures*
### (*Against Defendants Westlake and Kelly*)

42. Plaintiff repleads paragraphs 1 through 41 as if fully set forth herein.

43. Defendants Westlake and Kelly are persons for the purpose of a Section 1983 action for damages.

44. At all material times, the actions and omissions of Defendants Westlake and Kelly were made under the color of authority and law as law enforcement officers for the Des Moines Police Department.

45. On or about October 16, 2018, Defendants Westlake and Kelly violated Plaintiff's clearly established constitutional rights by arresting her for interfering with official acts when there was no reasonable suspicion or probable cause to support the arrest. The seizure was unreasonable under the circumstances.

46. Defendants violated Plaintiff's Fourth Amendment right to be free from unreasonable seizures under the Fourth Amendment of the United States Constitution and Article I, Section 8 of the Iowa Constitution.

47. Defendants demonstrated a deliberate indifference to and reckless disregard of Plaintiff's civil and constitutional rights by arresting Plaintiff under the circumstances.

48. Defendants' actions were willful, wanton, unlawful, and in gross disregard of Plaintiff's civil rights, justifying an award of punitive damages.

49. As a direct and proximate result of Defendants' illegal and unjustified conduct, Plaintiff has suffered and will in the future suffer and incur the following damages:

   a. Deprivation of her constitutional rights;

   b. Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

   c. Consequential damages;

   d. Actual and Compensatory Damages including, but not limited to past, present, and future lost wages, attorney fees, and

   e. Other damages as allowed by law.

**WHEREFORE**, Plaintiff requests Judgment against the aforementioned Defendants as follows:

   a. Actual, Compensatory, Consequential, and all other allowable damages against Defendant in an amount yet to be determined;

   b. Plaintiff's cost in this action, including reasonable attorney's fees and costs pursuant to 42 U.S.C. 1988;

   c. Punitive damages and,

   d. Other relief the Court deems just and equitable.

## COUNT II
## FALSE ARREST
*(Against Defendants Westlake and Kelly)*

50. Plaintiff repleads paragraphs 1 through 49 as if fully set forth herein.

51. On or about October 16, 2018, Defendants Westlake and Kelly arrested Plaintiff for interfering with an investigation.

52. Defendants jailed Plaintiff and otherwise unlawfully detained her on criminal charges for an alleged interference with official acts charge.

53. Plaintiff's arrest and detention were against her will and without her consent.

54. Plaintiff's arrest and detention were unreasonable.

55. The charge brought and the resulting prosecution lacked sufficient probable cause, was dismissed, and was brought willfully and wantonly with malice on the part of the Defendants and in reckless disregard of Plaintiff's rights.

56. The Defendants' actions were a proximate cause of Plaintiff's damages, including her unjust arrest and imprisonment; the deprivation of her fundamental civil rights; humiliation, embarrassment, and mental and emotional distress; expenses incurred in defending criminal charges; damages affecting her reputation, and livelihood; and exposure to public contempt and ridicule, which entitles her to compensatory and punitive damages in fair and reasonable amounts to be determined by the finder of fact.

**WHEREFORE**, Plaintiff prays for Judgment against the aforementioned Defendants in an amount which will fully and fairly compensate her for her injuries and damages, including compensatory and punitive damages, for attorney fees, for interest and costs as allowed by law, and such other relief as may be just under the circumstances and otherwise allowable by law.

## COUNT VII
## ABUSE OF PROCESS
*(Against Defendant Westlake)*

57. Plaintiff repleads paragraphs 1 through 56 as if fully set forth herein.

58. Defendant Westlake instituted the charge of interference with official acts against Plaintiff, procuring a criminal prosecution of Plaintiff in the Iowa District Court in Polk County, Iowa.

59. The prosecution resulted in a dismissal of the charge, favorable to Plaintiff.

60. The charge brought and the resulting prosecution was without sufficient probable cause to establish Plaintiff committed the charged crime and was brought willfully and wantonly with malice on the part of the Defendant, and in reckless disregard of Plaintiff's rights.

61. The Defendant's actions were a proximate cause of the damage to Plaintiff, including unjust arrest and imprisonment and the deprivation of Plaintiff's fundamental civil rights; humiliation, embarrassment, and mental and emotional distress; expenses incurred in defending criminal charges; damages affecting Plaintiff's reputation, and livelihood; and exposure to public contempt and ridicule, which entitles her to compensatory and punitive damages in a fair and reasonable amount to be determined by the finder of fact.

**WHEREFORE**, Plaintiff prays for Judgment against the aforementioned Defendant in an amount which will fully and fairly compensate her for her injuries and damages, including compensatory and punitive damages, for attorney fees, for interest and costs as allowed by law, and such other relief as may be just under the circumstances and otherwise allowable by law.

## COUNT VIII
## RESPONDEAT SUPERIOR
*(Against Defendant City)*

62. Plaintiff repleads paragraphs 1 through 61 as if fully set forth herein.

63. At all times material hereto, an employer-employee relationship existed between Defendant City as the employer, and Defendants Westlake and Kelly as the employees.

64. At all times material hereto, Defendants Westlake and Kelly were acting within the scope of their employment with Defendant City. Under the doctrine of *respondeat superior*, Defendant City is vicariously liable for the aforementioned actions and omissions of Defendants Westlake and Kelly

65. As a result of the actions and omissions of Defendant City, Plaintiff sustained damages and injuries as previously set forth in this Petition.

**WHEREFORE,** the Plaintiff respectfully requests judgment against Defendant City in an amount which will fully and fairly compensate her for her injuries and damages, including attorney fees, for interest and costs as allowed by law, and such other relief as may be just under the circumstances and otherwise allowable by law.

## JURY DEMAND

**COMES NOW,** the Plaintiff, Trenisha Webster, and demands a jury trial for all counts pled in this Complaint.

      **PARRISH KRUIDENIER DUNN BOLES GRIBBLE GENTRY BROWN & BERGMANN, L.L.P.**

By:   */s/ Brandon Brown*
     Brandon Brown     AT0001199
     Heidi Young         AT0012179
     2910 Grand Avenue
     Des Moines, Iowa 50312
     Telephone: (515) 284-5737
     Facsimile: (515) 284-1704
     E-Mail: bbrown@parrishlaw.com
             hyoung@parrishlaw.com
     **ATTORNEYS FOR PLAINTIFF**